Filed 4/22/21  P. v. Jaco CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C082738 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE007246) |
| v. | |
| DANIELLE LEE JACO, | |
| Defendant and Appellant. | |

After defendant Danielle Lee Jaco pleaded no contest to identity theft (Pen. Code, § 530.5),[1] the trial court granted her five years' probation. On appeal defendant contends the imposition of an electronics search condition as a condition of her probation is invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). We agree. In supplemental briefing, defendant challenges the trial court's order imposing a $300 restitution fine (§ 1202.4), a

---

[1]     Undesignated statutory references are to the Penal Code.

1

$40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168, 1172 (*Dueñas*), defendant argues these fines and fees should be stayed until the trial court holds an ability to pay hearing. We disagree with *Dueñas* and its reasoning. Accordingly, we strike the electronics search condition from the probation order. As modified, the judgment is affirmed.

BACKGROUND

Defendant pleaded no contest prior to a preliminary hearing, the parties stipulated to a factual basis for the plea without actually stating facts, and defendant waived preparation of a probation report; accordingly, the record contains few facts related to the commission of this offense. In short, defendant acquired and retained the personal identifying information of more than 10 people with the intent to defraud. She pleaded no contest to identity theft. The trial court granted her five years' probation, conditioned on serving 90 days in jail, with 20 days of custody credit. The trial court recommended defendant participate in the CalWORKs program, a welfare-to-work program, subject to the approval of the sheriff's department. The trial court also waived the costs of probation, struck the booking and classification fees, and imposed the minimum mandatory fees and fines.

At the plea hearing, defense counsel objected to the imposition of the electronics search condition under *Lent*. He argued, in this particular case, there was no evidence any electronic devices were used in committing the offense, or would be used in the future. At the time of her arrest, officers did not find a cell phone or any other electronic devices, such as computers or tablets. The prosecution countered that in a search of defendant's residence, officers found a backpack with a manila envelope containing other people's financial information, some of it handwritten on pieces of paper. They did not know how she came to possess the information, but "generally this type of information is provided through some electronic means." Defense counsel answered that he had also

2

been involved in many identity theft cases that involved mail theft or "dumpster diving," so an electronic device was not necessary to commit the offense.

The parties also filed briefs in support of their respective positions. Attached to the People's response was a declaration from Sacramento County Sheriff's Deputy Sean Smith. As to identity theft offenses, Smith declared those who engage in identity theft use electronic devices to find victim information, manufacture counterfeit financial documents, access victims' financial accounts online, transfer money electronically from victims' accounts to their own, create e-mail accounts to facilitate committing fraud by changing the victims' account contact information, use cell phones to communicate with coconspirators, and photograph and store victim information. The declaration also delineates in general terms, that law enforcement needs to have complete access to electronic devices, including all the contents and all passwords. The prosecution's argument at the hearing, argument in the opposition papers, and Smith's declaration do not contain any arguments or information specific to this defendant, her criminal background, or the particular offense she committed. The trial court found the condition reasonably related to the charge defendant pleaded to and imposed the condition.[2]

---

[2] The probation condition imposed states:

"P.C. 1546 searchable—Defendant shall submit his/her person, place, property, automobile, electronic storage devices, and any object under his/her control, including but not limited to cell phones and computers, to search and seizure by any law enforcement officer or probation officer, any time of the day or night, with or without a warrant, with or without his/her presence or further consent. [¶] Defendant being advised of his/her constitutional and statutory rights pursuant to Penal Code section 1546 et seq. in this regard, and having accepted probation, is deemed to have waived same and also specifically consented to searches of his/her electronic storage devices. [¶] Defendant shall provide access to any electronic storage devices and data contained therein, including disclosing and providing any and all information necessary to conduct a search. [¶] Defendant shall disclose all email accounts, all internet accounts and any other means of access to any computer or computer network, all passwords and access

DISCUSSION

I

*Electronic Device Search Condition*

Defendant contends the electronics search condition imposed in this case is invalid under *Lent* because the condition is not related to the current offense; the conduct to which the condition relates is not, in itself, criminal; and the condition is not related to future criminal conduct.

We review conditions of probation for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*Lent, supra*, 15 Cal.3d at p. 486.) "The *Lent* test 'is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term.' ([*Olguin*, at p. 379].)" (*In re Ricardo P*. (2019) 7 Cal.5th 1113, 1118 (*Ricardo P*.).) Accordingly, even if the probation condition is unrelated to the crime defendant was convicted of and relates to conduct not itself criminal, "the condition is valid as long as the condition is reasonably related to preventing future criminality. [Citation.]" (*Olguin*, at p. 380.)

After sentencing in this case, the California Supreme Court clarified the parameters of the *Lent* test's third prong; whether the condition " ' "requires or forbids conduct which is not reasonably related to future criminality." ' [Citation.]" (*Ricardo P., supra*, 7 Cal.5th at p. 1119.) In *Ricardo P*., the minor was placed on probation after admitting to two counts of burglary. The juvenile court imposed drug conditions because the minor had indicated he had previously smoked marijuana, and imposed a condition

---

codes. Defendant shall consent to the search of such email and internet accounts at any time and for the seizure of any information without a search warrant or probable cause."

requiring the minor "submit to warrantless searches of his electronic devices, including any electronic accounts that could be accessed through these devices." (*Id.* at p. 1115.) Nothing in the record indicated the minor had ever used electronic devices to commit, plan, discuss or consider criminal conduct. Nonetheless, the juvenile court imposed the electronics search condition based on its own "observation that teenagers 'typically' brag about such drug use on social media." (*Id.* at p. 1119.) Although the Supreme Court was skeptical about generalization of teenagers' tendency to brag about drug use on social media, the Supreme Court found that even accepting that premise as true, *Lent*'s third prong was not satisfied by an abstract or hypothetical relationship between the probation condition and preventing future criminality. (*Ricardo P.,* at pp. 1119-1120.)

The Court of Appeal in *Ricardo P.* had upheld the electronics search condition under *Olguin, supra*, 45 Cal.4th 375, as reasonably related to the supervision of the juvenile on probation. (*Ricardo P., supra*, 7 Cal.5th at pp. 1124-1125.) Despite some broad language in *Olguin*, the Supreme Court rejected an interpretation of *Olguin* that probation conditions reasonably related to enhancing supervision of probationers are valid under *Lent*. (*Ricardo P.,* at pp. 1125-1127.) Instead, the court limited *Olguin* to its facts. The probation condition at issue there required the defendant to notify the probation officer about any pets at his residence. (*Ricardo P.,* at p. 1124.) The pet notification condition was reasonable because it served to inform and protect the probation officer in his supervision and this protection was reasonably related to the purpose of deterring future criminality. (*Id.* at p. 1126.) By contrast, the electronics search condition was "far more burdensome and intrusive, and requires a correspondingly substantial and particularized justification." (*Ibid.*)

Our high court held the electronics search condition "satisfies *Lent*'s third prong and is therefore invalid under the *Lent* test because, on the record before us, the burden it imposes on Ricardo's privacy is substantially disproportionate to the countervailing

interests in furthering his rehabilitation and protecting society." (*Ricardo P., supra*, 7 Cal.5th at p. 1119.)

As in *Ricardo P.*, only the third prong of the *Lent* test is at issue here. The factual basis for the plea indicates only that defendant possessed identifying information of 10 other people with the intent to defraud. There is no probation report and no evidence regarding any personal history of defendant. Nothing in the record indicates defendant used an electronic device in committing this offense, had any history of using electronic devices to commit, facilitate or plan criminal conduct, or of using social media to demonstrate she had engaged in criminal conduct. In fact, the only information in the record on this point is that in the search of her home, officers did not find a phone, computer, tablet, or any other electronic devices. The only support for the condition is the prosecutor's generalized declaration at the plea hearing and Smith's declaration, neither of which contained any information as to this defendant or the specific offense of which she was convicted. In sum, these statements indicated that identity theft perpetrators often obtain and access victim information and accounts through electronic means, manufacture counterfeit financial documents electronically, and photograph and store victim information electronically. Even presuming these assertions as true, without more, these generalized, hypothetical statements do not satisfy the requirements of *Lent* any more than the juvenile court's generalized statements about teenagers posting their drug use on social media did in *Ricardo P.*

This case falls squarely within the concerns articulated in *Ricardo P.*, "If we were to find this record sufficient to sustain the probation condition at issue, it is difficult to conceive of any case in which a comparable condition could not be imposed, especially given the constant and pervasive use of electronic devices and social media . . . today. In virtually every case, one could hypothesize that monitoring a probationer's electronic devices and social media might deter or prevent future criminal conduct . . . . Indeed, whatever crime a [probationer] might have committed, it could be said that [probationers]

may use electronic devices and social media to mention or brag about their illicit activities." (*Ricardo P., supra*, 7 Cal.5th at p. 1123.)  Accordingly, we find this condition is not reasonably related to future criminality and is therefore invalid under *Lent.*  (*Lent, supra*, 15 Cal.3d at p. 486.)  Having determined this condition is invalid under *Lent* we need not address defendant's additional claims challenging the condition.

II

*Ability to Pay Hearing*

In supplemental briefing, defendant claims that pursuant to the holding in *Dueñas, supra*, 30 Cal.App.5th at pages 1168 and 1172, the portion of the trial court order directing defendant to pay a $300 restitution fine, a $40 court operations assessment, and a $30 criminal conviction assessment should be stayed pending a hearing on her ability to pay.

Defendant contends remand is required for an ability to pay hearing with respect to the fines and fees imposed at sentencing.  She cites in support *Dueñas, supra*, 30 Cal.App.5th 1157, which held that due process requires the trial court to stay execution of restitution fines, as well as court operation and conviction assessments, until it has held a hearing and determined the defendant has the present ability to pay.

Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4.  (*Kopp,* at pp. 95-96.)

In the meantime, we join those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding.  (*People v.*

7

*Kingston* (2019) 41 Cal.App.5th 272, 279-282; *People v. Hicks* (2019) 40 Cal.App.5th 320, 326-329, rev. granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1068-1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)  We therefore reject the contention.

### DISPOSITION

The judgment is modified to strike the electronics search probation condition and the trial court is directed to issue an amended probation order.  As modified, the judgment is affirmed.

/s/
BLEASE, Acting P. J.

We concur:

/s/
DUARTE, J.

/s/
RENNER, J.

8